## IN THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS
### CIVIL DIVISION

Ron Dawkins, as Special Administrator )
and Personal Representative of the )
Estate of Bette M. Despard, deceased, )
natural heir at law of Bette M. Despard, )
and on behalf of the wrongful death )
beneficiaries of Bette M. Despard, )
                                  )
             **Plaintiff,** )
                                  )
**v.** )
                                  )
The Evangelical Lutheran Good )
Samaritan Society, d/b/a Good )
Samaritan Society-Mountain Home, )
                                  )
    **Serve Registered Agent at:** )
    **The Corporation Company** )
    **425 W. Capitol Ave.** )
    **Suite 1700** )
    **Little Rock, AR 72201** )
                                  )
**and** )
                                  )
**JOHN DOES 1-5,** )
                                  )
           **Defendants.** )

**FILED**
11:16 A.M
BAXTER COUNTY, ARKANSAS
MAR 2 5 2016
Caula Graese, Clerk
by D.C. _____

Case No.: CV 2016-97-3
Div. No.:

**JURY TRIAL DEMANDED**

---

### COMPLAINT FOR DAMAGES

    COMES NOW Plaintiff, Ron Dawkins, as the Special Administrator and Personal

Representative of the Estate of Bette M. Despard, deceased, as the natural heir at law of

Bette M. Despard, and on behalf of the wrongful death beneficiaries of Bette M. Despard,

(hereafter "Plaintiff"), by and through his counsel of record and for his claims against

Defendant The Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan



**EXHIBIT**
**A**

Society-Mountain Home and John Does 1-5, and for his Complaint of Damages hereby states and alleges as follows:

## I.   INTRODUCTION & STATEMENT OF CASE

1.   This lawsuit is a claim of negligence, wrongful death and violation of Long-Term Care Facilities and Services Act, Ark. Code Ann. § 20-10-1209, by The Evangelical Lutheran Good Samaritan Society, d/b/a Good Samaritan Society-Mountain Home, a nursing home in Mountain Home, Arkansas ("Defendant Nursing Home"). Plaintiff alleges that Defendant Nursing Home failed to provide adequate care and protection against falls to Decedent Bette M. Despard ("Decedent").   As a result of Defendant Nursing Home's and its employees' negligence Decedent suffered a broken hip and two broken femurs.   Plaintiff also alleges that Decedent eventually died from from the negligence of Defendant Nursing Home and its employees.

## II. PARTIES

2.   Plaintiff Ron Dawkins ("Plaintiff") resides at 4934 Strong Ave, Kansas City, Kansas 66101 and is the natural heir at law of Bette M. Despard, deceased.  Plaintiff is the Special Administrator and Personal Representative of the Estate of Bette M. Despard pursuant to a March 6, 2016 Order of the Baxter County Circuit Court, Probate Division, and evidenced by Letters of Administration issued by the Clerk of the Baxter County Circuit Court, Probate Division, a copy of which is attached hereto as *Exhibit A*.

3.   Defendant Nursing Home conducts business as a long-term care facility and nursing home at 300 Good Samaritan Drive, Mountain Home, AR 72653, Baxter County, Arkansas.   At all times, Defendant Nursing Home acted by and through its employees, agents and representatives who acted within the course and scope of their

respective employment or agency. Defendant Nursing Home may be served with process through its registered agent, The Corporation Company, 425 W. Capitol Ave., Suite 1700, Little Rock, Ark. 72201.

4.      John Does 1-5, upon information and belief, may have committed medical malpractice and/or were negligent in providing medical care to Decedent, while she was under the care of Defendant Nursing Home, or are individuals, corporations, limited liability companies or other entities that may have had the right to control the operations of Defendant Nursing Home. Pursuant to Ark. Code Ann. § 16-56-125 and subject to the Act 649 of 2003, "the Civil Justice Reform Act of 2003," Plaintiff has attached as *Exhibit B* and incorporated by reference herein a John Doe Tortfeasor Affidavit to toll the statute of limitations for the claims alleged herein against John Doe 1-5.

5.      Whenever the term "Defendants" is utilized, such term collectively refers to and includes all the named Defendants in this suit.

6.      Whenever it is alleged that Defendants did any act or thing or failed to do any act or thing, it is meant that the officers, agents, or employees of the designated companies respectively performed, participated in, or failed to perform such acts or things while in the scope and course of their employment and/or agency relationship with said Defendants.

### III. JURISDICTION AND VENUE

7.      Jurisdiction and venue are proper in this court because Defendant maintains offices for the usual conduct of their respective business in Baxter County, Arkansas. In addition, each of the tortious acts alleged herein occurred in Baxter County,

Arkansas.  Finally, Decedent was a resident of Arkansas at the time of the negligence acts and her death.

## IV.   FACTUAL ALLEGATIONS

8.   On or about May 4, 2013, Decedent was admitted to Defendants' nursing home facility, where she resided for approximately 10 months.

9.   Prior to her admission, Decedent fell at her home in Midway, Arkansas and broke her hip.

10.   Decedent could not walk on her own at the time, her family could not properly care for her, and she required medical/nursing care and additional supervision to keep her safe.

11.   Decedent was admitted to Defendants' nursing home facility to obtain room and board, required nursing care, and dietary services and to promote her safety/well being.

12.   On or about the same day of her admission, Defendants conducted a Fall Assessment test and determined that Decedent was a high risk for falling.

13.   During the course of her short stay at Defendants' nursing home facility, Decedent fell at least three additional times, each time breaking a significant bone in her body.  First, she broke her other hip, then her right femur and finally, her left femur.

14.   On March 17, 2014, Decedent was transported to hospice care as it did not appear she would live much longer due to the injuries she suffered to her hip and legs while in the care of the Defendants.

15.   Several weeks later, on May 31, 2014, Decedent died at the Ozarks Hospice House.

16.     At all relevant times, Decedent was in the care and treatment of Defendants and their employees and/or agents, and Defendants' employees and/or agents acted in furtherance of Defendants' business interests.

## V.     CAUSES OF ACTION

### Count I – Negligence and Wrongful Death

17.     Plaintiff incorporates paragraphs 1 through 15 as fully set forth *in haec verba*.

18.     Defendants owed a non-delegable duty to residents, including Decedent, to provide adequate and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

19.     Defendants owed a non-delegable duty to residents, including Decedent, in attaining and maintaining the highest level or physical, mental, and psychosocial well-being.

20.     Defendants owed a non-delegable duty to residents, including Decedent, to hire, train, and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

21.     Given Decedent's clear limited mobility and fall risk assessment score, Defendants had a duty to provide her a standard of care and treatment that was usually exhibited by such nursing home facilities in the community, as well as to protect her safety and well being.

22.     Defendants breached these duties by failing to exercise reasonable care and by failing to prevent the mistreatment, abuse and neglect of Decedent.   The

negligence of Defendants includes, but is not limited to, the following the following acts and omissions:

a. failing to provide proper medical care and treatment;

b. failing to take reasonable precautions to care for Decedent given her condition;

c. failing to follow the additional care required to monitor Decedent;

d. failing to properly assess and develop a care plan under CFR guidelines;

e. failing to provide Decedent with a standard of care that is usually exhibited by such nursing home facilities in the community;

f. failing to take reasonable precautions to prevent Decedent from slipping and falling;

g. failing to properly supervise Decedent and failing to protect her from injury;

h. failure to properly train, in-service and orient employees as to pertinent care needs to maintain the safety of Defendant and other residents; and

i. failing to take reasonable precautions to prevent Decedent from slipping and falling and thereby violating AR. ST. § 20-10-1209.

23. A reasonably prudent nursing home entity, operator or service provider, operating under the same or similar conditions, would not have failed to provide the ordinary care listed above. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Decedent's injuries and death as more specifically described herein, which were all foreseeable. Decedent suffered excruciating pain, mental anguish, emotional distress, decreased mobility, and additional medical expenses prior to her death, and then an ultimately death, which caused her family to suffer more than normal grief. Plaintiff prays for compensatory damages for the wrongful death of

6

Decedent, including the grief suffered as well as the expenses of her funeral, medical expenses, and other related costs.

24.     As a proximate result of the aforementioned negligence, including those that constitute violations of the Ark. Code Ann. § 20-10-1209(a)(4), Plaintiff is entitled to recover and asserts a claim for all elements of actual and compensatory damages such as physical pain and suffering, mental anguish, humiliation, emotional distress and loss of life in an amount exceeding that required for federal court jurisdiction in diversity of citizenship cases.

### Count II – Violation of the Long-Term Care Facilities and Services Act
### Ark. Code Ann. § 20-10-1209(c)

25.     Plaintiff incorporates paragraphs 1 through 18 as fully set forth *in haec verba*.

26.     Defendants' nursing home facility is a long-term care facility and had a statutorily mandated responsibility to provide Decedent nursing home rights pursuant to Ark. Code. Ann. § 20-10-1201, *et seq.*  At all times relevant herein, Decedent was under the care and treatment of Defendants.

27.     Defendants' responsibilities to Decedent in said statute are non-delegable in that Defendants are directly liable for deprivations, and infringements by any person or entity under its control, direct or indirect, including its employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools, or caused by Defendants' policies, whether written or unwritten, or common practices.

7

28.     The duty alleged in the immediately preceding paragraph includes, but is not limited to, proper training and supervision; proper hiring, background and referral checks; and proper retraining and dismissing or employees, agents, consultants and independent contractors.

29.     Notwithstanding, Defendants, through mistreatment or neglect, infringed upon or deprived Decedent of the following statutory resident's rights:

a.     The right to receive adequate and proper health care and protective and support services, including social services, mental health services, if available, planning recreational activities, and therapeutic and rehabilitative services consistent with resident care planning, with established and recognized practice standards of the community, and with rules as adopted by the agency;

b.     The right to private and uncensored communication, including, but not limited to, receiving and sending unopened correspondence, and access to a telephone; and

c.     The right to be treated courteously, fairly, and with the fullest measure of dignity.

30.     Further, employees and/or agents of the Defendants failed to provide Decedent with adequate fall prevention assistance, supervision, and proper care plan that a reasonably careful person would have provided under the circumstances and given the condition of the Decedent.

31.     These failures caused Decedent to fall several times, sustain injuries to her hip and legs, and eventually to die.

32.     As a result of the aforementioned violations of the Arkansas Code, Plaintiff, pursuant to Ark. Code Ann. § 20-10-1209(a)(4), is entitled to recover and asserts a claim for all actual and compensatory damages including but not limited to physical pain and suffering, mental anguish, humiliation, emotional distress and loss of

8

life in an amount exceeding that required for federal court jurisdiction in diversity of citizenship cases, because these violations are the result of employees and/or agents of Defendants failing to do that, which a reasonably careful person would do under circumstances similar to those shown by the evidence in this case, which in turn caused the injuries suffered by Decedent and her death, as more specifically described in this Complaint.

33.    The infringement or deprivations of resident's rights by Defendants were willful, wanton, gross, flagrant, reckless, or consciously indifferent to the rights of Decedent.  Pursuant to the Ark. Code Ann. § 20-10-1209(c), Plaintiff is entitled to recover punitive damages from Defendants.

## VI.    DEMAND FOR JURY TRIAL AND RESERVATIONS

34.    Plaintiff requests a jury trial on all issues herein.

35.    Plaintiff reserves his right to amend the Complaint to proof.

36.    Plaintiff reserves the right to file additional and supplemental pleadings after further investigation and discovery.

## VII.   PRAYER FOR RELIEF

Wherefore, Plaintiff, as personal representative and natural heir at law of Decedent, and on behalf of the wrongful death beneficiaries of Decedent, pray for judgment against Defendants jointly and severally against Defendants as follows:

37.    For damages in an amount adequate to compensate the Estate for the injuries and damage sustained and exceeding that required for federal court jurisdiction in diversity of citizenship cases, including but not limited to:

a.    Decedent's pain and suffering;

9

b.  Decedent's mental anguish;

c.  Decedent's humiliation;

d.  Decedent's emotional distress; and

e.  Decedent's loss of life.

38.  For damages in an amount adequate to compensate the wrongful death beneficiaries of Decedent for the injuries and damage sustained and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law;

39.  For all general and special damages caused by the conduct of Defendants, in an amount to be determined by a jury, and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law;

40.  For the costs of litigating this case;

41.  For punitive damages against Defendants to punish them for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Decedents and her statutory beneficiaries and to deter Defendants and others from repeating such atrocities; and

42.  For all other and further relief to which Plaintiff is entitled by Arkansas law.

Respectfully Submitted,

Bautista Allen LLC

By: _____

Jose M. Bautista, Ark. # 2009-005
Daniel L. Allen, Ark. # 2011-291
104 W. 9th St., Ste. 205
Kansas City, Missouri 64105
(816) 221-0382 (Tel.)
(800) 816-7060 (Fax)
jose@bautistaallen.com
daniel@bautistaallen.com

Andrew S. Leroy, PHV Pending
4600 Madison Avenue, Suite 711
Kansas City, Missouri 64112
(816) 866-7711 telephone
(816) 866-7715 facsimile
andrew@accidentlawkc.com

ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS
2nd DIVISION - PROBATE

IN THE MATTER OF THE ESTATE OF
BETTE M. DESPARD, DECEASED                          NO. PR2016-48-2

### LETTERS OF SPECIAL ADMINISTRATION

BE IT KNOWN:

That Ronald Dawkins, whose address is 4934 Strong Avenue, Kansas City, Kansas 66106,

having been duly appointed and qualified as Special Administrator of the Estate of Bette M.

Despard, who died on May 31, 2014, is hereby authorized to act as Special Administrator for and

in behalf of the estate, to file suit in a court of competent jurisdiction for claims relating to the

death of the decedent, and shall have authority to contract with Bautista Allen, LLC and Winburn,

Mano, Schrader & Shram, PLLC for representation of the estate and statutory heir in the

prosecution of this action including negotiation, mediation or litigation of this matter.

ISSUED this day, March 14th, 2016.

Canda J. Reese
Clerk

By: _____
Deputy Clerk


(SEAL)


EXHIBIT
A

**FILED**

C201602022
BAXTER CO, AR FEE $0.00
PRESENTED: 03-14-2016 10:19:06 AM
RECORDED: 03-14-2016
CANDA REESE
COUNTY AND CIRCUIT CLERK
BY: LYNETTE MCALINEY
DEPUTY

ORDER PROBATE
1 Page

## IN THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS
## CIVIL DIVISION

**Ron Dawkins, as Special Administrator
and Personal Representative of the
Estate of Bette M. Despard, deceased,
natural heir at law of Bette M. Despard,
and on behalf of the wrongful death
beneficiaries of Bette M. Despard,**

                                                                      **PLAINTIFF**

**v.**                                            **No. _____**

**THE EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY,
d/b/a GOOD SAMARITAN SOCIETY-
MOUNTAIN HOME, and**

**JOHN DOES 1-5,**                                   **DEFENDANTS**

### AFFIDAVIT

COMES NOW the undersigned who, after being duly sworn, solemnly swears that the following facts and information are true and correct to the best of my knowledge and belief:

1.      I am one of the attorneys who represent the Plaintiff in the above captioned case.

2.      Defendants John Doe 1-5 are individuals, corporations, limited liability companies or other entities that may have owned, managed, operated and/or controlled The Evangelical Lutheran Good Samaritan Society, d/b/a Good Samaritan Society-Mountain Home, at times relevant to this action, causing the circumstances that led to Bette M. Despard's injuries and death.

3.      After diligent inquiry, I do not know the identities of Defendants John Doe 1-5. In addition, neither co-counsel for Plaintiff nor my client know the identities of Defendants John Doe 1-5.

4.      Upon determining the identity of the unknown parties, I will timely amend the complaint by substituting the true name of Defendants John Doe 1-5.



**EXHIBIT**

**B**

5.      This Affidavit is filed in accordance with Ark. Code Ann. § 16-56-125.

FURTHER AFFIANT SAITH NOT.

José M. Bautista, Esq.

**VERIFCATION**

STATE OF MISSOURI          )
                           ) ss.
COUNTY OF JACKSON          )

SUBSCRIBED AND SWORN TO before me, a Notary Public, on this 17th day of
_MARCH_____, 2016.

Notary Public

My Commission Expires:

MAY 20th, 2019

ANTHONY S. MCDANIEL
Notary Public - Notary Seal
State of Missouri
Commissioned for Jackson County
My Commission Expires: May 20, 2019
Commission Number: 15635561



## IN THE CIRCUIT COURT OF BAXTER COUNTY, ARKANSAS
### CIVIL DIVISION

| | |
|---|---|
| Ron Dawkins, as Special Administrator ) <br> and Personal Representative of the ) <br> Estate of Bette M. Despard, deceased, ) <br> natural heir at law of Bette M. Despard, ) <br> and on behalf of the wrongful death ) <br> beneficiaries of Bette M. Despard, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> The Evangelical Lutheran Good ) <br> Samaritan Society, d/b/a Good ) <br> Samaritan Society-Mountain Home, ) <br> ) <br> and ) <br> ) <br> JOHN DOES 1-5, ) <br> ) <br> **Defendants.** ) | Case No.: CV 2016-99-3 <br> Div. No.: <br><br><br> **JURY TRIAL DEMANDED** |

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

The Evangelical Lutheran Good Samaritan Society
d/b/a Good Samaritan Society Mountain Home

**Registered Agent**
The Corporation Company 425 W. Capitol Ave., Suite 1700
Little Rock, Arkansas 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) – 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas – you must file with the clerk of this court a written answer to the complaint or motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jose M. Bautista & Daniel L. Allen
BAUTISTA ALLEN LLC
104 W 9th Street, Suite 205
Kansas City, Missouri 64105

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

CLERK COURT

1 E. 7th Street, Suite 103
Mountain Home, Arkansas 72653

Canda J. Reese by *m Almeya*

Clerk or Deputy Clerk

March 25, 2016

Date

No. _____   **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                                    By: _____
                                    [Signature of server]

                                  _____
                                  [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
                                 [Signature of server]

                                  _____
                                  [Printed name]

Address: _____

                      _____

Phone: _____

Subscribed and sworn to before me this date: _____

                                  _____
                                  Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

## AFFIDAVIT OF SERVICE

**State of Arkansas**                    **County of Baxter**                    **Circuit Court**

Case Number: CV 2016-97-3

**FILED**
11:14 ᴀ M

Plaintiff:
**Ron Dawkins, as Special Administrtor and Personal Representative of The Estate of Bette M. Despard, deceased; ET AL**
vs.
Defendant:
**The Evangelical Lutheran Good Samaritan Society, d/b/a  Good Samaritan Society-Mountain Home**

APR 1 4 2016

Canda J Pipe Clerk
by D.C.

For: Daniel Allen
   Bautista Allen LLC

Received by MYERS ATTORNEY'S SERVICE to be served on **The Evangelical Lutheran Good Samaritan Society D/B/A Good Samaritan Society Mountain Home by serving The Corporation Company, 425 W. Capitol Ave., Suite 1700, Little Rock, AR 72201. I,** *Andrew Myers* , being duly sworn, depose and say that on the __7__ day of *April* , 20_16_ at  __:00__ m., executed service by delivering a true copy of the **SUMMONS, NOTICE, COMPLAINT FOR DAMAGES, EXHIBITS, VERIFICATION,** in accordance with state statutes in the manner marked below:

( ) GOV.AGENCY: By Serving _____ As _____ of the within-named agency.

(✔) CORPORATE SERVICE: By Serving *Karen Moore/The Corp Co* as
*Reg Agent*

( ) OTHER SERVICE:See Comments Below:
( ) NON SERVICE: See Comments Below:
Service Was Completed At: *124 W Capitol # 1900, Little Rock, AR 72201*

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

*Andrew Myers*

PROCESS SERVER # _____
Appointed in accordance with State Statutes

Subscribed and Sworn to before me
on __4-7-16__ by the affiant who is
personally known to me.

NOTARY PUBLIC

**MYERS ATTORNEY'S SERVICE**
**300 Spring Building**
**300 Spring Street, Suite 715**
**Little Rock, AR 72201**
**(501) 376-6266**

Our Job Serial Number: 2016002951

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0r

